# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LEONARD DOUGLAS SIEGFRIED,
　　　　Appellant,

　　　　　　v.

DEPARTMENT OF THE NAVY,
　　　　Agency.

DOCKET NUMBER
AT-0752-16-0185-I-1

DATE: September 14, 2016

# THIS ORDER IS NONPRECEDENTIAL[1]

Philip M. Truman, Fort Worth, Texas, for the appellant.

Thomas A. Damisch, Jacksonville, Florida, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as untimely filed. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2    By letter dated September 24, 2015, the agency proposed to remove the appellant from his position as a Carpentry Worker based on charges of failure to follow leave requesting procedures and absence without leave.  Initial Appeal File (IAF), Tab 5 at 47-51.  On November 2, 2015, the agency issued a decision letter sustaining the charges and removing the appellant effective November 6, 2015.  *Id.* at 25-27.  On December 9, 2015, the appellant filed a Board appeal challenging his removal.  IAF, Tab 1.  Several days after he filed his appeal, the appellant filed an additional pleading in which his representative explained that the appeal was untimely filed due to medical issues that prevented him from typing and using a computer mouse.  IAF, Tab 3 at 3.

¶3    The administrative judge issued a timeliness order informing the appellant that his appeal appeared to be untimely filed and directing him to file evidence and argument to prove either that his appeal was timely filed or that good cause existed for his untimely filing.  IAF, Tab 6 at 1-4.  The appellant did not respond to the timeliness order.  The agency moved to dismiss the appeal as untimely filed without good cause shown.  IAF, Tab 5 at 17-21.  The agency asserted that the appellant had filed a separate appeal concerning his proposed removal and that, during a December 3, 2015 status conference in that appeal, the administrative judge directed the appellant's representative to immediately file a separate appeal concerning his now effected removal, but the appellant's representative failed to do so until he was reminded by the administrative judge in a subsequent December 9, 2015 status conference.  *Id.* at 19-20.

¶4    In an initial decision, the administrative judge dismissed the appeal as untimely filed without good cause shown for waiving the filing deadline.  IAF, Tab 8, Initial Decision (ID).  The administrative judge found that the appellant's representative's medical condition failed to establish good cause because the ability to type and use a computer mouse are not required to file a Board appeal

and the appellant's representative could have handwritten an appeal or had the appellant type the appeal.  ID at 3.

¶5    The appellant has filed a petition for review in which his representative provides additional information concerning his medical condition and states that he did not receive the timeliness order issued below because it went to his spam folder.  Petition for Review (PFR) File, Tab 1 at 4-12.  The agency has opposed the appellant's petition.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6    Generally, an appeal must be filed with the Board no later than 30 days after the effective date of the agency's action, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later.  5 C.F.R. § 1201.22(b)(1).  An appellant bears the burden of proof by a preponderance of the evidence on the issue of timeliness.  5 C.F.R. § 1201.56(b)(2)(i)(B).

¶7    Under the Board's regulations, the appellant was required to file his removal appeal on or before December 7, 2015, or 30 days after the effective date of his removal.[2]  5 C.F.R. § 1201.22(b)(1).  The appellant did not file his removal appeal until December 9, 2015, or 2 days after the filing deadline.  IAF, Tab 1.  However, as set forth below, we find that the appeal was timely filed because the appellant filed a separate appeal of his proposed removal prior to the December 7, 2015 filing deadline, which was still pending on the date his removal was effected and his removal appeal became ripe for adjudication.

¶8    As the agency noted below, the Board's records reflect that, on October 14, 2015, the appellant filed an appeal of his proposed removal and an alleged constructive suspension.  *Siegfried v. Department of the Navy*, MSPB Docket No. AT-0752-16-0043-I-1, Initial Appeal File (0043 IAF), Tab 1 at 4, 8‑12.  As

---

[2] Because the filing deadline fell on December 6, 2015, a Sunday, it is extended until December 7, 2015.  5 C.F.R. § 1201.23.  Thus, the administrative judge improperly determined that the appeal was untimely filed by 3 days instead of 2 days.  ID at 3.

of October 14, 2015, the appellant's appeal concerning his removal was not ripe for adjudication because his removal had been proposed but not yet effected. IAF, Tab 5 at 25-27, 47-51; *see Cruz v. Department of the Navy*, 934 F.2d 1240, 1243 (Fed. Cir. 1991) (finding that the Board lacks jurisdiction over proposed removals because they are not appealable adverse actions under 5 U.S.C. § 7512); *Weber v. Department of the Army*, 45 M.S.P.R. 406, 409 (1990) (stating that the Board lacks jurisdiction to review a notice of proposed removal; rather, the removal must have been effected before the Board has jurisdiction over an appeal of that action).

¶9        However, the appellant's proposed removal appeal was still pending before the Board as of November 6, 2015, the date his removal was effected.[3]   The Board's practice is to adjudicate an appeal that was premature when filed but becomes ripe while pending before the Board.  *Barrios v. Department of Labor*, 100 M.S.P.R. 300, ¶ 6 (2005); *Groshans v. Department of the Navy*, 67 M.S.P.R. 629, 632 n.2 (1995).  Thus, although the administrative judge properly informed the appellant that the Board lacks jurisdiction over a proposed action and directed him to file a separate removal appeal, 0043 IAF, Tab 4 at 2, it would have been appropriate for her to have adjudicated or separately docketed a removal appeal once the appellant's removal had been effected and his appeal became ripe.[4] Accordingly, because the appellant's removal appeal ripened soon after he filed with the Board, we deem the date he filed the appeal of his proposed removal as

---

[3] On August 15, 2016, the administrative judge issued an initial decision in that appeal that dismissed the appeal for lack of jurisdiction, finding that the only issue before her was the appellant's constructive suspension claim.  *Siegfried*, MSPB Docket No. AT-0752-16-0043-I-1, Initial Decision (Aug. 15, 2016).

[4] The agency's November 19, 2015 submission in the proposed removal appeal contained a copy of its removal decision.  0043 IAF, Tab 7 at 7‑9.

the filing date of his removal appeal and we remand the case for adjudication on the merits of the agency's removal action.[5]

## ORDER

¶10     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.

---

[5] In light of our decision, we need not address whether the assertions of the appellant's representative on review regarding his medical condition constitute good cause for waiver of the filing deadline.  PFR File, Tab 1 at 4, 7-12.